UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THADDEUS ORR, )
)
    Movant, )
)
v. ) Case No. CR 403-096
) (CV 404-205)
)
UNITED STATES OF AMERICA, )
)
    Respondent )

## ORDER

Before the Court are Movant Thaddeus Orr's Motion to Correct Presentence Investigation Report (Doc. 67), Motion to Reopen Proceedings for Resentencing (Doc. 68), and Motion for Status Conference (Doc. 73). For the reasons discussed below, the Court **DENIES** each of Orr's Motions.

I.    **BACKGROUND**

Movant Orr was indicted for two counts of possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of possession of cocaine hydrochloride with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Doc. 37).[1] Orr entered a negotiated guilty plea to one count of possession of a firearm

---

[1] Docket citations are to Orr's criminal case, CR 403-096.

in violation of 18 U.S.C. § 922(g)(1). (Doc. 45). Pursuant to the agreement, the remaining three charges against Orr were dismissed.

In preparation for sentencing, the Court's Probation Office prepared a Presentence Investigation Report ("PSI"). Under the United States Sentencing Guidelines, Orr's total offense level was twenty-eight. Because Orr's conviction for possession of a firearm occurred subsequent to his sustaining at least two prior felony convictions of either a crime of violence or a controlled-substance offense, Orr's base offense level was twenty-four. U.S.S.G. § 2K2.1(a)(2) (2003). That offense level, however, was increased by four additional levels pursuant to U.S.S.G. § 2K2.1(b)(5) because the offense to which Orr had pled occurred in connection with a possession-with-intent-to-distribute-cocaine offense with which Orr had been simultaneously charged.

After conducting a sentencing hearing and considering the recommendations of the Probation Office along with Movant's objections thereto, the Court found that Movant's total offense level was twenty-eight.[2] (Sent. Tr. at 34). The Court also determined that based on Movant's previous convictions, each of which resulted in the addition of three criminal history points (for a total of twelve criminal history points), Movant fell within criminal history category V. (Id. at 29-31). The resulting applicable imprisonment range was 130 to 162 months' imprisonment. Under the statute, however, the maximum term of imprisonment is ten years or 120 months' imprisonment. 18 U.S.C. § 924(a)(2). Accordingly, the Court sentenced Movant to the statutory maximum

---

[2] In so finding, the Court determined that Movant did not deserve a reduction in his base offense level for acceptance of responsibility. (Sent. Tr. at 28, 35).

2

term of ten years(/120 months), to be followed by three years of supervised release, along with a $100.00 special assessment. (Doc. 47). Movant appealed, and, on July 14, 2004, the Eleventh Circuit affirmed, his conviction and sentence. (Docs. 57).

Movant was incarcerated in the Federal Correction Institute in Jesup, which is located in Wayne County, Georgia. The day after his federal appeal was denied, Movant filed a timely habeas petition in the Superior Court of Wayne County attacking two of his prior Chatham County Superior Court convictions. (Doc. 71, Exh. A). The Superior Court of Wayne County promptly dismissed Orr's petition for want of jurisdiction. (Doc. 71, Exh. B). Although the dismissal was filed on September 1, 2004 (id.), a Petition that Movant filed in Wayne County Superior Court requesting return of his habeas file indicates that he did not receive the order of dismissal until November 15 of the following year. (Doc. 71, Exh. C).

On October 13, at the expiration of the ninety days within which Orr could have filed a petition for a writ of certiorari, Movant's federal conviction became final. See Dodd v. United States, 365 F.3d 1273, 1275 n. 1 (11th Cir. 2004). Just over a month and a half later, on December 1, 2004, Orr filed a timely motion pursuant to 28 U.S.C. § 2255 raising four claims, including one challenging the constitutionality of his prior state (Chatham County) convictions. (Doc. 59). On June 7, 2005, this Court dismissed as premature Orr's claims regarding his prior state convictions and denied the remaining § 2255 claims on the merits. (Doc. 65). Orr filed a motion for reconsideration, which this Court denied. (Doc. 66). Orr did not appeal.

On May 9, 2006, Orr filed an application for a writ of habeas corpus in Chatham County Superior Court again challenging his state convictions. (Doc 69, Exh. GX at 1-2; Doc. 67, Exh. A; Doc. 68, Exh. A). On October 3, 2006, Chatham County Superior Court Judge Faye Harris issued an order vacating two of Movant's convictions. (Doc. 67, Exh. A; Doc. 68, Exh. A)

On October 17, 2006, Orr filed the Motion to Correct Presentence Investigation Report (Doc. 67) and Motion to Reopen Proceedings for Resentencing (Doc. 68) currently before the Court. Orr recently filed a Motion for Status Conference (Doc. 73) to address the pending motions.

## II. DISCUSSION

The briefing filed by both parties subsequent to Orr's Motion to Correct Presentence Investigation Report (Doc. 67) and Motion to Reopen Proceedings for Resentencing (Doc. 68) focuses on whether the motions are barred by the applicable statute of limitations, which provides for a one-year limitation period running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 ¶6(4).

The statute of limitations does not bar Orr's motions, which relate back to the § 2255 motion that Orr filed on December 1, 2004. As noted above, that motion was filed in a timely fashion, less than two months after Orr's federal conviction became final on October 13, 2004. Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with

4

the Rules Governing § 2255 Proceedings. Rule 15(a) of the Rules of Civil Procedure permits a party to amend its original pleadings with the leave of court provided that the claim or defense asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." See Fed. R. Civ. P. 15(c)(2); Mayle v. Felix, 545 U.S. 644, 662-63 (2005); Farris v. United States, 333 F.3d 1211, 1215-16 (11th Cir. 2003). In Mayle, the Supreme Court held that "So long as the original and amended [habeas] petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle, 545 U.S. at 664 (concluding that "Our reading is consistent with the general application of Rule 15(c)(2) in civil cases, with Habeas Corpus Rule 2(c), and with AEDPA's installation of a tight time line for [. . .] petitions.").

Orr's original Motion to Vacate, Set Aside, or Correct his sentence (Doc. 59) was filed well within the applicable limitations period. In that motion, Orr included the claim that his criminal history points had been improperly calculated because his prior state convictions were unconstitutional. This Court dismissed Orr's claim in that regard as premature, and advised Orr to "promptly refile th[e] claim under § 2255 in this Court after he learns of any favorable decision in his state court proceeding." (Id.) Because the three motions concern the same issues and involve the same "core of operative facts," this Court construes the recent motions filed by Orr as an amendment relating back to his earlier, timely filed Motion to Vacate, Set Aside or Correct. Accordingly, pursuant to Rule 15(c) and the Supreme Court's decision in Mayle, the Court concludes that § 2255's statute of limitations does not prevent it from considering Orr's Motion to Reopen and

the related filings. Despite the fact that Orr's motions are not barred by the statutes of limitations, however, the Movant is not entitled to relief under 28 U.S.C. § 2255.

To challenge a federal conviction or sentence after all appellate review opportunities have been exhausted, a federal prisoner may file a motion under 28 U.S.C. § 2255 to vacate or set aside the conviction or correct the sentence. Pursuant to 28 U.S.C. § 2255, there are four grounds that justify relief for a federal prisoner who challenges the fact or length of his or her detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Movant, citing United States v. Walker, 198 F.3d 811 (11th Cir. 2000), asks the Court to reopen his habeas proceedings for resentencing because the Superior Court of Chatham County vacated two of his state court convictions. In Walker, the Eleventh Circuit held that a federal district court could reopen and reduce a federal prisoner's sentence once he or she had, in state court, successfully attacked a predicate state court conviction that was previously relied upon to enhance his or her federal sentence. Id. at 813. In so holding, the Eleventh Circuit joined "other circuits[, which have . . .] held, or indicated without expressly deciding, that pursuant to federal habeas corpus, a district court *may* reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state court conviction, *previously used in enhancing the federal sentence.*" Id. See also United States v. Bacon, 94 F.3d 158, 162 n. 3 (4th

Cir. 1996) (stating that if the movant "succeeds in a future collateral proceeding in overturning his robbery conviction, federal law enables him then to seek review of any federal sentence *that was enhanced* due to his state conviction." Id. (emphasis added)).

The case at bar is distinguishable from the situation in Walker. Although Orr's sentence was computed in part based on the vacated convictions (criminal history points were assessed for the offenses), the sentence imposed on Movant was not enhanced as a result of his state convictions. The applicable guidelines range was 130 to 162 months' imprisonment. However, because the maximum term of imprisonment under the statute was 120 months' imprisonment, the Movant was sentenced to ten years in prison, well below the applicable guidelines range.

In addition, Movant's sentence already falls within the guidelines range that would apply were this Court to resentence him using a recalculated criminal history category that did not include the six criminal history points assessed for the state convictions in question. For each of the two vacated convictions, three criminal points were assessed. Thus, a total of six criminal history points is at stake. Without the criminal history points at issue, Movant would fall within criminal history category III. The resulting range for the applicable offense level of twenty-eight would be ninety-seven to 121 months. Movant's current sentence is therefore within the applicable range and therefore is not "in excess of the maximum authorized by law." See 28 U.S.C. § 2255(a).

### III. CONCLUSION

Accordingly, for the reasons discussed herein, Orr's Motion to Correct Presentence Investigation Report (Doc. 67) and Motion to Reopen Proceedings for

Resentencing (Doc. 68) are **HEREBY DENIED**, and Orr's Motion for Status Conference (Doc. 73) is **DENIED AS MOOT**.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2008